UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NANCY STEPRO,** | ) | CASE NO. 1:16 CV 569 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| **COMMISSIONER OF SOC. SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This case is before the Court on the Report and Recommendation of Magistrate Judge Thomas M. Parker. (**Doc #: 16** ("R & R").) The Magistrate Judge recommends that the Court affirm the final decision of the Commissioner of Social Security denying Plaintiff Nancy Stepro's application for supplemental security income ("SSI") under Title XVI of the Social Security Act. (Id.) Stepro has filed Objections to the R & R (**Doc #: 17**), and the Commissioner has filed a response (Doc #: 18). The Court has reviewed the briefs and pertinent parts of the record and, for the following reasons, **OVERRULES** the Objections**, ADOPTS** the R & R**,** and **AFFIRMS** the denial of benefits.

**I.**

Stepro filed an application for SSI on November 8, 2012, alleging a disability onset date of November 5, 2012. She asserted as the basis for disability asthma and chronic obstructive pulmonary disease (COPD). She filed the application at the suggestion of a medical professional during her stay at Marymount Hospital. Specifically, on November 6, 2012, Stepro was seen at the Emergency Department of Marymount Hospital due to shortness of breath, which was

characterized as a new problem.  After steroids and other treatments were administered, Stepro reported that her breathing was still tight.  She was thereafter admitted for exacerbation of COPD, asthma and bronchitis; and she was discharged on November 10, 2012 with diagnoses of acute asthma exacerbation, possible COPD, smoking and morbid obesity.  It was noted that she was breathing better, she was down to smoking 4 cigarettes a day (from half a pack), and she showed marked improvement.

Following this hospital stay, the record shows that Stepro spent the next two years (up to the date of the Administrative Law Judge's hearing) visiting her treating physician (Jessica Griggs, D.O.) or other medical professionals on a monthly basis or undergoing tests – all of which were related to her pulmonary problems.  At times, Stepro presented complaining of shortness of breath and chest tightness; at other times, her breathing problems appeared to lessen.  She was in a constant struggle with her addiction to cigarettes during this two-year period, and underwent various treatment modalities but never appeared to kick the habit entirely.  Smoking undoubtedly exacerbated her pulmonary condition.  Further exacerbating her pulmonary problems was her inability to purchase prescribed medications due to a lack of insurance.  However, when she was able to obtain and use the various prescriptions and cut back on smoking, her pulmonary problems were somewhat alleviated.  That said, throughout the two-year period, her pulmonary function tests all showed that she had moderately severe pulmonary obstruction and she was continually diagnosed with mild to moderate persistent asthma.

After her application was denied initially and upon reconsideration, a hearing was held before the Administrative Law Judge (ALJ) on October 2, 2014.  In addition to reviewing Stepro's medical records and the disability opinions of Dr. Griggs and two state agency

consultants, the ALJ received Stepro's testimony as to her condition. On January 27, 2015, the ALJ issued a decision denying Stepro's claim for benefits. More than one year later, the Appeals Council denied review of that decision, rending the ALJ's decision the final decision of the Commissioner.

In her merits brief before the Magistrate Judge, Stepro challenged the ALJ's determination of Stepro's credibility and the lack of weight he afforded her treating physician's opinion. The Magistrate Judge concluded that the ALJ provided specific reasons for his credibility finding, supported by case law and substantial evidence. (Doc #: 16 at 13-16.) Because Stepro does not object to this conclusion, the Court need not review it. Fed.R.Civ.P. 72(b)(3).

Stepro does object, however, to the Magistrate Judge's conclusion that substantial evidence in the record supports the ALJ's determination to afford Dr. Griggs' opinion little to no weight. (Id. at 22.) If treating source opinions are well supported by medically acceptable clinical and laboratory diagnostic techniques, and not inconsistent with the other substantial evidence in the record, they must be given controlling weight. If not, then the ALJ must apply several factors in determining the weight to give the opinion including the length, frequency, nature, and extent of the treatment relationship; supportability, consistency, specialization and other factors that support or contradict that opinion. Although the regulations instruct an ALJ to consider various factors, they expressly require only that the ALJ's decision include good reasons for the weight given to the treating source's opinion – not an exhaustive factor-by-factor analysis.

Here, Dr. Griggs provided a medical source statement ("MSS") in 2014 opining that Stepro could lift no more than 10 pounds occasionally or frequently; stand or walk only 60 minutes in an 8-hour work day, and sit 1 or 2 hours in an 8-hour work day. She opined that Stepro would need to take breaks every 10 to 15 minutes during the work day and sit quietly for 30 minutes due to her history of asthma. Dr. Griggs further opined that Stepro would be off-task 60% of the work day and absent from work four times per month.

The ALJ's conclusion affording little to no weight to Dr. Griggs' opinion appears to rest on two bases. First, the ALJ found that the restrictions on Stepro's ability to sit during an 8-hour work day was inconsistent with the weight of the record and internally inconsistent:

> For example, Dr. Griggs opines that the claimant is only able to sit for one to two hours a day in an eight hour day; however, there is little, if any objective evidence that the claimant has difficulty sitting. Moreover, the undersigned finds Dr. Griggs' MSS to be internally inconsistent. For example, Dr. Griggs opined that the claimant needs a break every 10-15 minutes, whereby she needs to sit quietly for 30 minutes. Said breaks and necessitated sitting would appear to indicate a much more significant sitting ability than the two hours per eight hour workday opined by Dr. Griggs.

(Doc #: 10 at 71.) The Court agrees with this assessment.

Secondly, however, the ALJ noted a "significant discrepancy" between the handwriting of the person who filled out the MSS and Dr. Griggs' handwritten signature which, the ALJ concluded, indicates that Dr. Griggs did not complete the MSS. (Id.) When asked at the hearing about this alleged discrepancy, Stepro responded that Dr. Griggs told her to drop off the MSS form at the records department of the clinic, so she did not know who filled out the form. (Tr. 83.) Although the ALJ *professed* that this issue was not dispositive, he said that it would explain the "*conspicuous* discrepancy between the doctor's more or less disabling opinion and the overall normalcy of the claimant's objective record." (Doc #: 10 at 71 (emphasis in original).)

-4-

This is strong language for dicta since it suggests that the form may have been fraudulently executed.  The Court has looked at this alleged discrepancy and disagrees <u>entirely</u> with the ALJ, who is not a handwriting expert and should not have engaged in any speculation about it.

The Magistrate Judge appropriately relegated this issue to nothing more than a footnote in the R & R.  (Doc #: 16 at 23 n.6.)  The Magistrate Judge observed that, although the ALJ gave only one example where the weight of the record was inconsistent with the MSS, there were other inconsistencies pointed out in the ALJ's decision:

> The ALJ noted that clinical visits and objective findings were routinely benign in nature.  (Tr. 67.)  The ALJ cited to numerous medical records demonstrating normal respiratory effort, normal oxygen saturation levels, and no decreased breath sounds or rales.  (Id.)  The ALJ stated that since Stepro's November 2012 hospitalization she had not needed inpatient care.  (ID.)  The ALJ also pointed out that pulmonary function testing revealed no more than moderate obstruction with "significant improvement" with the use of bronchodilator therapy.  One implication of the ALJ's citation to "significant improvement" with therapy is that Stepro's condition evolved during the period between November 2012 and November 2014 when the last pulmonary function study was conducted.  Nothing in Dr. Grigg's opinion appears to address this; instead, she gave "a more or less disabling opinion" despite the "overall normalcy of the claimant's objective record.

(Doc #: 16 at 20-21.)

Stepro now contends that "[t]he Magistrate Judge's review of Stepro's argument acknowledges that the ALJ gave only one example of an inconsistency which had to do with Stepro's ability to sit," and the Magistrate Judge's citation to the other inconsistencies pointed out by the ALJ in its decision constitutes "impermissible *post hoc* rationalization."  In support, Stepro cites *Martinez v. Commissioner of Soc. Sec.*, 692 F.Supp.2d 822, 826 (N.D. Ohio 2010).

*Martinez* is distinguishable.  There, it was undisputed that the ALJ's hypothetical to the vocational expert (VE) failed to include the claimant's inability to stand or walk more than 50%

of an 8-hour work day, and the ALJ's decision denying benefits rested on that testimony.  The Commissioner argued that the error was harmless because the ALJ's decision could be affirmed on other grounds, i.e., by relying on the Medical-Vocational Guidelines.  The Court rejected that argument because, among other things, a reviewing court "must judge the propriety of [agency] action solely by the grounds invoked by the agency; and if those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis."  *Martinez*, 692 F.Supp.2d at 826 (citing *Simpson v. Comm'r of Soc. Sec.*, 344 Fed. Appx. 181, 192 (6th Cir. 2009), in turn quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).  Because the ALJ based his conclusion on the testimony of the VE with a flawed hypothetical and not on the Guidelines, the court reversed and remanded for the ALJ to conduct a proper review.

Unlike *Martinez*, Magistrate Judge Parker did not affirm the ALJ's ruling based on an alternative theory, and Stepro has failed to cite a single case that prohibits the Magistrate Judge from reviewing the ALJ's decision as a whole to support his ruling.

In sum, the parties have engaged in cherry-picking the record to support their positions.  Stepro obviously has significant pulmonary problems, but the Court cannot say that substantial evidence does not support the ALJ's decision.

Accordingly, the Court **OVERRULES** the Objection, **ADOPTS** the R & R, and **AFFIRMS** the Commissioner's decision denying Stepro SSI benefits at this time.

**IT IS SO ORDERED.**

      /s/ Dan A. Polster     January 10, 2017
**Dan Aaron Polster**
**United States District Judge**